UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIAKSANDRA DANILCHYK,<br><br>                                         Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the<br>Department of Homeland Security,<br><br>                                         Respondent. | Case No.:  26-cv-2230-RSH-DDL<br><br>**ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

On April 9, 2026, petitioner **A**liaksandra Danilchyk filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

1

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner states that on October 5, 2025, she applied for admission to the United States from Mexico, and was taken into immigration custody by U.S. authorities. ECF No. 1 at 7. She submits a Notice to Appear charging her with being removable as an arriving alien not in possession of valid entry documents. *Id.* at 11. She also submits an order from an immigration judge dated March 13, 2026 denying bond, ruling that as an applicant for admission she is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 9. Petitioner takes issue with this decision, and requests her immediate release, but beyond general reference to the due process clause and the Administrative Procedure Act does not provide a legal basis for the relief she seeks. Petitioner's allegations do not establish that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DISMISSED** without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: April 13, 2026

_____
Hon. Robert S. Huie
United States District Judge